Thomas Buchele, CA Bar No. 129657
Earthrise Law Center
Lewis & Clark Law School
10101 S Terwilliger Blvd.
Portland OR  97219-7799
Tel:  503-768-6736
Fax: 503-768-6642
Email: tbuchele@lclark.edu

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EARTH ISLAND INSTITUTE**, a non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES FOREST SERVICE,** an agency of the United States Department of Agriculture,<br><br>Defendant. | No.<br><br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**<br><br><br>Freedom of Information Act, 5 U.S.C. §§ 552 *et seq.* |

1  Plaintiff Earth Island Institute alleges as follows:

2  **INTRODUCTION**

3       1.     This action is based on violations of the Freedom of Information Act ("FOIA" or

4  "the Act"). 5 U.S.C. § 552 (2018). It challenges the unlawful failure of Defendant, the U.S. Forest

5  Service ("Forest Service" or "Service"), to respond to the John Muir Project's (a project of Earth

6  Island Institute ("EII")) FOIA request within the time frame and in the manner required by FOIA.

7  The Forest Service has failed to provide a determination regarding records responsive to EII's

8  FOIA request and is unlawfully withholding records responsive to EII's FOIA request.

9       2.     The purpose of FOIA is to establish a general philosophy of full agency disclosure

10  unless information is exempted under clearly delineated statutory language. Disclosure, not

11  secrecy, is the dominant objective of the Act. FOIA therefore requires federal agencies to disclose

12  records to any person upon request unless the information falls within one of the narrow

13  exemptions listed in the Act. *See* 5 U.S.C. §§ 552(a)(3)(A), (b). Except in unusual circumstances,

14  federal agencies must determine within 20 business days whether requested records are exempt

15  from disclosure, and, if they are not, the agency must "promptly disclose" the records to the

16  requester. 5 U.S.C. §§ 552(a)(6)(A)(i), (a)(3)(A), (a)(6)(C)(i).

17       3.     On June 30, 2023, EII, through its counsel, submitted a FOIA request (the "June

18  2023 Request") to the Forest Service via the Pacific Southwest Region's listed email accounts

19  and via U.S. certified mail. The June 2023 Request generally sought  records related to the Forest

20  Service's Giant Sequoia Response Actions in Nelder Grove ("the Nelder Grove Project"); and it

21  specifically included requests for records reflecting the categorical exclusion ("CE")  used for the

22  Project;  records related to the Nelder Grove Project since the July 2022 Decision Memorandum

23  from the Chief of the Forest Service granting a requested emergency response; records related to

24  justification for use of an emergency response; Planning records related to the Nelder Grove

25  Project; and records related to communications between Forest Service officials or between the

26  Forest Service and the Council on Environmental Quality (CEQ) related to Nelder Grove Project

27  and emergency exemptions to NEPA for the Forest Service.

28

1  COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

4.      After acknowledging receipt of the request on July 7, 2023, the Service sent EII an email on July 24, 2023, requesting that EII withdraw or narrow its FOIA request, which EII declined. EII instead offered two categories of records that could be prioritized in a search for all records responsive to the initial request, including records reflecting the supposedly applicable CE.

5.      On August 1, 2023, the Service sent EII an email invoking a 10 business day extension to respond to the June 2023 FOIA request.

6.      On August 14, 2023, EII received a "formal notification letter" and a folder for the "1st release" of 245 pages of records responsive to EII's June 2023 FOIA Request. The letter stated that the Service is continuing to review responsive records, but did not include the necessary components of a determination, namely: when these records would be provided; the extent of these additional responsive records; or whether EII could file an administrative appeal challenging this initial release of responsive records. *See Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n* ("*CREW*"), 711 F.3d 180, 188 (D.C. Cir. 2013).

7.      On September 26, 2023, EII emailed the Forest Service requesting a proper, final determination on the entirety of the June 2023 FOIA Request.

8.      On September 27, 2023, EII received a second "formal notification letter" and a folder for the "2nd release" of 528 pages of records responsive to EII's June 2023 FOIA Request. The email accompanying the 2nd release stated the Service's record search had returned "a total of over 4000 records that need review and processing" and that the Forest Service would "continue to review and release approximately 500-1000 pages every 3 to 4 weeks, as capacity and workload allow, until all the responsive records have been delivered to you." However, this vague status update does not constitute a proper, final determination under FOIA.

9.      As of the date of this filing, the Forest Service has not provided EII with a proper, final determination regarding the June 2023 Request. Additionally, the Forest Service has not provided EII with any more records beyond the 2nd release and has not provided the specific records EII asked it to prioritize.

10. EII submitted the June 2023 FOIA Request so that it could review and disseminate the Forest Service's relevant National Environmental Policy Act ("NEPA") compliance documentation, with supporting documents, that were used to authorize the Nelder Grove Project. Consistent with the mission of EII's John Muir Project, EII reviews such documents in order to ascertain whether agencies properly adhered to the requirements set forth by relevant environmental statutes and other authorities, and so that it may effectively and fully participate in ongoing public processes, including public comments, related to such environmental analyses. Although EII has been following the Nelder Grove Project since it was first announced in July of 2022, EII's informal requests for the Forest Service to release documentation of its NEPA compliance have been rejected. Thus, EII's members have been forced to study the Project's destructive environmental impacts in real time. As the Service has continued to implement the Project without making the underlying environmental analysis public, it is a matter of urgency for EII to obtain the relevant documents in order to discover the full extent and analysis of the Project.

11. The Forest Service has violated FOIA in two ways. First, the Service has failed to make a determination regarding EII's FOIA request within the deadline period required by FOIA. Second, the Service has improperly withheld, and is continuing to improperly withhold, records responsive to EII's FOIA request. EII alleges on information and belief that the Service has failed to conduct an adequate search for records and will continue to do so in future releases. Each of these failures on the part of the Service violates FOIA.

12. In this case, the Forest Service has missed nearly all applicable FOIA deadlines. The records are critically important for EII to engage the public on government logging activities that may harm the surrounding ecosystem and endangered species. Moreover, the requested records are highly relevant to EII's ongoing public education and outreach efforts regarding impacts to forests on public lands.

13. By failing to provide a determination either releasing all records responsive to EII's June 2023 Request or stating when these records will be released, the Forest Service is improperly withholding from disclosure responsive records sought by EII, records to which EII is

1   legally entitled. The Forest Service has violated numerous FOIA mandates by failing to provide a

2   determination on EII's FOIA request within the time and manner required by law. Accordingly,

3   EII seeks a declaration from this Court that the Service has violated FOIA. EII also seeks an

4   injunction from this Court that directs the Service to promptly provide EII with the requested

5   responsive records.

6                           **JURISDICTION, VENUE, AND THE BASIS FOR RELIEF**

7              14.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

8   and 28 U.S.C. § 1331 (federal question) because this action arises under FOIA.

9              15.     Venue is properly vested in this Court pursuant to 28 U.S.C. § 1391(e) because the

10  events or omissions giving rise to this claim occurred in this district, primarily in Fresno County.

11             16.     Declaratory and injunctive relief are appropriate under 28 U.S.C. §§ 2201, 2202,

12  and 5 U.S.C. § 552(a)(4)(B).

13                                              **PARTIES**

14             17.     Plaintiff **EARTH ISLAND INSTITUTE** is a nonprofit corporation organized

15  under the laws of the State of California. EII is headquartered in Berkeley, California. EII's

16  mission is to develop and support projects that counteract threats to the biological and cultural

17  diversity that sustain the environment. Through education and activism, these projects promote

18  the conservation, preservation, and restoration of the earth. One of these projects is the John Muir

19  Project—whose mission is to protect all federal public forest and parklands from commercial

20  exploitation that undermines and compromises science-based ecological management. The John

21  Muir Project offices are located in San Bernardino County, California. EII is a membership

22  organization with over 15,000 members in the United States, many of whom use and enjoy the

23  National Forests of California for recreational, educational, aesthetic, spiritual, and other

24  purposes. EII, through its John Muir Project, has a longstanding interest in protection of federal

25  public lands. EII requested the records that Defendant failed to disclose in furtherance of EII's

26  organizational mission and its work to protect the National Forests of California.

27             18.     Defendant **UNITED STATES FOREST SERVICE** is an agency of the United

28  States and is a division of the Department of Agriculture. The Forest Service is in possession and

4   COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

control of the records sought by EII, and as such, it is subject to FOIA pursuant to 5 U.S.C.

§ 552(f).

**LEGAL BACKGROUND**

19.      FOIA imposes strict and rigorous deadlines on federal agencies. The Act requires a

federal agency that receives a FOIA request to determine whether the requested records are

exempt from disclosure under 5 U.S.C. § 552(b) and to communicate that determination to the

requester within twenty business days. 5 U.S.C. § 552(a)(6)(A)(i). An agency, pursuant to that

determination, must gather and review documents that are responsive to the requester's FOIA

request. A search for documents pursuant to a FOIA request must be reasonably calculated to

uncover all relevant documents.

20.      If the agency determines the records are not exempt from public disclosure, the

agency is required to make the requested records "promptly available" to the requester. 5 U.S.C.

§§ 552(a)(3)(A), (a)(6)(C)(i).

21.      If the agency makes any adverse determination regarding a request, the agency

must communicate to the requester that it has a right to appeal that determination. 5 U.S.C.

§ 552(a)(6)(A)(i).

22.      Thus, in order to make a "determination," an agency must: (1) gather and review

the documents; (2) determine and communicate the scope of the documents it intends to produce

and withhold, and the reasons for withholding any documents; and (3) inform the requester that it

can appeal whatever portion of the "determination" that is adverse. *CREW*, 711 F.3d at 188. A

determination must be made with "adequate specificity, such that any withholding can be

appealed administratively." *Id.* at 189.

23.      FOIA also mandates that a federal agency that has received a request for records

must inform the requester of "the date on which the agency originally received the request[,]" and

"an estimated date on which the agency will complete action on the request." 5 U.S.C.

§ 552(a)(7)(B).

24.      Unless an agency subject to FOIA properly establishes a different timeline for

disclosing responsive records, according to the above provisions, FOIA's mandate to make public

records "promptly available" to a requester requires federal agencies to provide responsive

records to a requester within or shortly after the 20-day deadline set forth in 5 U.S.C.

§ 552(a)(6)(A)(i).

25.    A U.S. District Court has jurisdiction "to enjoin the agency from withholding

agency records and to order the production of any agency records improperly withheld from the

complainant." 5 U.S.C. § 552(a)(4)(B). If the government can show that "exceptional

circumstances" exist and that the agency is exercising due diligence in responding to the request,

the court may retain jurisdiction and allow the agency additional time to complete its review of

the records. 5 U.S.C. § 552(a)(6)(C)(i). Notably, the term "exceptional circumstances" does *not*

include a delay that results from a predictable agency workload of FOIA requests, unless the

agency demonstrates reasonable progress in reducing its backlog of pending requests. 5 U.S.C.

§ 552(a)(6)(C)(ii).

26.    When an agency's search for responsive records is challenged, the burden of proof

is on the agency to demonstrate the adequacy of that search beyond material doubt.

27.    When evaluating the agency's search methods, the fact that responsive records

escaped that search raises substantial doubt as to the adequacy of that search.

## FACTUAL BACKGROUND

28.    The Forest Service received EII's FOIA request by email on June 30, 2023, and

received it via certified mail on July 3, 2023. On July 7, 2023, EII received an email

acknowledging the Forest Service's receipt of the June 2023 Request, incorrectly claiming that

the Service received it on July 7, 2023, assigning it case number 2023-FS-R5-05022-F.[1] This

email stated that the Service would provide EII with a determination regarding the June 2023

Request within 20 working days of receipt, which would be either August 4, 2023, based on an

incorrect receipt date of July 7, 2023, or July 31, 2023, based on the correct receipt date of June

30, 2023.

---

[1] A Forest Service FOIA Specialist  later acknowledged that the Forest Service received the June
2023 Request via email on June 30, 2023.

29.    The June 2023 Request sought any and all records related to the Forest Service's Nelder Grove Project, including, but not limited to:

- Any and all records pertaining to the Categorical Exclusion used for the Giant Sequoia Response Actions in Nelder Grove as discussed in the Pacific Southwest Region's request for Emergency Response, including but not limited to:
  - o Records reflecting or describing which Categorical Exclusion the Forest Service is using for the Giant Sequoia Response Actions in Nelder Grove;
  - o Records reflecting all analysis of the Nelder Grove area justifying use of the Categorical Exclusion including consideration of extraordinary circumstances.
- Any and all records related to the Giant Sequoia Response Actions in Nelder Grove since the July 2022 Decision Memorandum from the Chief of the Forest Service granting the requested emergency response, including but not limited to:
  - o Records reflecting thinning, biomass removal, or logging activities in or around Nelder Grove;
  - o Records reflecting planting and reseeding efforts in Nelder Grove.
- Any and all records related to justification for use of the emergency response in the Giant Sequoia Response Actions in Nelder Grove including but not limited to:
  - o Records reflecting a determination that an emergency exists in Nelder Grove and that the emergency is such that documentation of the categorical exclusion in Nelder Grove could not be completed before beginning to implement the Giant Sequoia Response Actions in Nelder Grove;
  - o Records reflecting phases and timelines of implementation for the Giant Sequoia Response Actions in Nelder Grove;
  - o Records reflecting communication to affected or interested parties about the use of the emergency response or actions taken according to the Giant Sequoia Response Actions in Nelder Grove.
- Planning records related to Nelder Grove, including but not limited to:
  - o Any and all records related the long-term implementation strategy for Nelder Grove, as described in the September 1992 Errata/Additions to the 1991 Forest Plan for the Sierra National Forest;
  - o Any and all records related to Nelder Grove's status as a historic site.
- Any and all records related to communications between Forest Service officials or between the Forest Service and the Council on Environmental Quality (CEQ) related to Nelder Grove and emergency exemptions to NEPA for the Forest Service, including but not limited to the following letters or memorandum:
  - o June 19, 1992, Internal Forest Service memorandum to Region 5 forest supervisors and staff directors, signed by Regional Forester Ronald Stewart.
  - o Communication between the Forest Service and the CEQ on NEPA implementing regulations, including Section 220.4(b), including at least the following communications:

- January 18, 2008 memorandum to all federal agencies regarding emergencies, by Horst Greczmiel.

30.    On July 21, 2023, EII received a letter via email from Sierra National Forest Supervisor Dean Gould requesting that EII withdraw or modify its FOIA request. EII responded to this letter by declining to modify or withdraw its request, but offering two categories of records that the Service could prioritize during a search for all records responsive to EII's June 2023 Request:

- Any and all records pertaining to the Categorical Exclusion used for the Giant Sequoia Response Actions in Nelder Grove as discussed in the Pacific Southwest Region's request for Emergency Response, including but not limited to:
  - Records reflecting or describing which Categorical Exclusion the Forest Service is using for the Giant Sequoia Response Actions in Nelder Grove;
  - Records reflecting all analysis of the Nelder Grove area justifying use of the Categorical Exclusion including consideration of extraordinary circumstances.
- Any and all records related to the Giant Sequoia Response Actions in Nelder Grove since the July 2022 Decision Memorandum from the Chief of the Forest Service granting the requested emergency response, including but not limited to:
  - Records reflecting thinning, biomass removal, or logging activities in or around Nelder Grove;
  - Records reflecting planting and reseeding efforts in Nelder Grove.

31.    On August 1, 2023, FOIA Specialist Aaron Rasor emailed EII informing them that the Forest Service was invoking a 10 business day extension, extending its deadline to provide a determination regarding the June 2023 Request to August 14, 2023—30 business days after the request was initially received by the Forest Service on June 30, 2023.

32.    On August 14, 2023, EII received an email from the Forest Service with a "formal notification letter" and a folder for the "1st release" of 245 pages of records responsive to EII's June 2023 Request. Although this attached letter stated that "[t]he Sierra National Forest is continuing to review responsive records for supplemental releases," the letter did not explain when additional responsive records would be provided, the extent of these additional responsive records, or whether EII could file an administrative appeal challenging this initial release of responsive records.

33.     These 245 pages of records did not contain any substantive materials pertaining to the Categorical Exclusion used for the Nelder Grove Project, including any materials identifying which Categorical Exclusion was used for the Nelder Grove Project.

34.     On September 26, 2023, EII emailed the Forest Service requesting a proper, final determination on the entirety of the June 2023 Request.

35.     On September 27, 2023, EII received a second "formal notification letter" and a folder for the "2nd release" of 528 pages of records responsive to EII's June 2023 Request. The email accompanying the 2nd release stated the Service's record search had returned "a total of over 4000 records that need review and processing" and that the Forest Service would "continue to review and release approximately 500–1000 pages every 3 to 4 weeks, as capacity and workload allow, until all the responsive records have been delivered to you." However, this vague status update does not constitute a determination under FOIA.

36.     These 528 pages of records also did not contain any substantive materials pertaining to the Categorical Exclusion used for the Giant Sequoia Response Actions in Nelder Grove, including any materials identifying which Categorical Exclusion was used for the Nelder Grove Project.

37.     With the claimed extension, the FOIA-mandated deadline for providing EII with a determination regarding the request was August 14, 2023. Even starting from the date the Service acknowledged receipt of EII's request, the deadline would have been August 18, 2023. The Forest Service has not requested and EII has not agreed to any further extensions of time for the Service to respond to the June 2023 Request.

38.     As of the date this action was filed, the Forest Service has not provided a proper, final determination to EII's June 2023 Request. The Forest Service has failed to communicate with adequate specificity the scope of the documents it intends to produce and withhold for EII's FOIA request and the reasons for withholding any documents. The email accompanying the 2nd release does not constitute a final determination because it neither informed EII of its right to appeal any adverse determination of the Service nor circumscribed the scope of the Service's record search with adequate specificity to inform such an administrative appeal.

39. The only responsive records that the Service has expressly sought to withhold or redact are those containing personal identifiable information. EII has agreed to receive those records in their redacted form.

40. Based on information and belief, the Forest Service has not prioritized in these two releases the categories of records specified by EII in its response to the Service's July 21, 2023, email asking EII to withdraw its June 2023 Request. Specifically, the Service has not released any substantive records related to the Categorical Exclusion being used for the Nelder Grove Project.

41. Therefore, as of the date this action was filed, to the best of the EII's knowledge, the Forest Service has failed to gather and review all of the documents responsive to EII's FOIA request.

42. Finally, as of the date this action was filed, the Forest Service has failed to inform EII of which responsive records, if any, it believes are exempt under FOIA's narrow exemptions.

43. Because the Forest Service has not issued a final determination on EII's request, EII could not file an administrative appeal of any determination, and therefore has constructively exhausted all administrative remedies required by FOIA. 5 U.S.C. §§ 552(a)(6)(A), (a)(6)(C).

44. Based on the nature of EII's organizational activities, it will continue to employ FOIA's provisions in record requests to the Forest Service in the foreseeable future.

45. Unless enjoined and made subject to a declaration of EII's rights by this Court, the Forest Service will continue to violate FOIA and EII's rights to receive public records under FOIA.

**CAUSES OF ACTION**

**<u>CLAIM I</u>**

**VIOLATION OF THE FREEDOM OF INFORMATION ACT:
DETERMINATION DEADLINE VIOLATIONS**

46. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

47. EII has a right to the Forest Service's processing of its FOIA request in a manner that complies with FOIA. FOIA requires the Service make a determination within 20 business

days of the receipt of EII's FOIA request whether the Service will comply with the request and to immediately notify EII of the Service's determination and the reasons therefore and the right of EII to appeal to the head of the Service any adverse determination. 5 U.S.C. § 552(a)(6)(A)(i).

48.     The Forest Service received EII's first FOIA request on June 30, 2023. Applying the extension invoked by the Service, the thirtieth business day following June 30—excepting Saturdays, Sundays, and legal public holidays—was August 14, 2023. The Forest Service failed to provide EII with a determination by August 14, 2023, and therefore also failed to provide EII with the reasons for a determination and the information to appeal such a determination, in violation of FOIA, 5 U.S.C. § 552(a)(6)(A)(i). As of the date on which EII has filed this action, over two months past the statutory deadline, the Service has still failed to provide such a determination and has provided two releases totaling 773 pages of documents in response to the June 2023 Request.

49.     As of the date on which EII filed this action, the Forest Service has not claimed any FOIA exemptions for the records responsive to EII's FOIA request that would allow the Service to withhold any responsive records in their entirety.

50.     As of the date on which EII filed this action, the Forest Service had violated EII's rights by unlawfully delaying its response to EII's June 2023 Request beyond the determination deadlines imposed by FOIA.

51.     EII is entitled to reasonable costs of litigation and attorney's fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

**<u>CLAIM II</u>**

**VIOLATION OF THE FREEDOM OF INFORMATION ACT:
IMPROPERLY WITHHOLDING RESPONSIVE RECORDS AND
FAILING TO CONDUCT AN ADEQUATE SEARCH**

52.     The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

53.     The Forest Service is required, upon receipt of a request for records from EII, to make those records promptly available to EII, unless the records may be withheld under one of FOIA's narrow exemptions. 5 U.S.C. §§ 552(a)(3)(A), (b).

54.     This requirement to make responsive records promptly available includes conducting an adequate search for responsive records.

55.     As of the date on which EII has filed this action, the Forest Service has never claimed any exemption in response to EII's June 2023 Request that would allow the Service to withhold any responsive records in their entirety. The only responsive records that the Service has expressly sought to withhold or redact are those containing personal identifiable information. EII has agreed to receive those records in their redacted form.

56.     The Service has only produced 773 pages of documents in response to EII's June 2023 Request and has not provided any specific indication of when it intends to release the entirety of the records responsive to EII's June 2023 Request or the scope of those responsive records.

57.     EII's rights have been violated by the Forest Service's failure to produce records responsive to EII's request promptly after receiving EII's June 2023 Request. 5 U.S.C. § 552(a)(3)(A).

58.     Most notably, the records released have not responded to the categories of documents specified by EII in its response to the Service's July 21, 2023, email asking EII to withdraw its June 2023 Request. For example, the Service has not released any substantive records related to the categorical exclusion for the Nelder Grove Project.

59.     The fact that such responsive records have evaded the Forest Service's search raises substantial doubt as to the adequacy of that search.

60.     Therefore, based on the records the Service has released as of the date of this filing, the Forest Service has not conducted an adequate search for responsive records. EII alleges on information and belief that it will continue to do so for any future searches or releases of responsive records.

61.     By failing to conduct an adequate search for responsive records and release those records to EII, the Service is improperly and unlawfully withholding from public disclosure information sought by EII, information to which it is entitled.

62. EII is entitled to reasonable costs of litigation and attorney's fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that the Forest Service's failure to make a timely determination on EII's FOIA request to be unlawful under FOIA;

B. Declare the Forest Service's failure to promptly provide EII with records responsive to EII's FOIA request to be improper and unlawful under FOIA;

C. Declare the Forest Service's failure to conduct an adequate search for responsive records unlawful under FOIA;

D. Order the Forest Service in the form of injunctive relief to promptly provide EII with all of the records responsive to its FOIA request;

E. Award EII its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E), or any other applicable law;

F. Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

G. Grant such other and further relief as this Court may deem just and proper.

Respectfully submitted on this 8th day of November, 2023.

/s/Thomas Buchele
Thomas Buchele, CA Bar No.129657
Earthrise Law Center
Lewis & Clark Law School
10101 S. Terwilliger Blvd.
Portland OR  97219-7799
Tel: 503-768-6736
Fax: 503-768-6642
Email: tbuchele@lclark.edu

*Attorney for Plaintiff Earth Island Institute*